

**SEALED**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2023
DECEMBER 10, 2024 SESSION



UNITED STATES OF AMERICA

v.                              Criminal No. 2:24-cr-194

MICHAEL DAVID BARKER

18 U.S.C. § 1349
18 U.S.C. § 1341
18 U.S.C. § 666(a)(1)(A)
18 U.S.C. § 1957(a)

**I N D I C T M E N T**

The Grand Jury charges:

**INTRODUCTION**

1.    From in or about November 2019 through in or about December 2023, defendant MICHAEL DAVID BARKER, and unindicted co-conspirator Jesse Marks, named but not indicted herein, entered into a scheme to defraud the Boone County Board of Education out of approximately $3,400,000. Defendant MICHAEL DAVID BARKER used his position as the maintenance director of the Boone County Board of Education to falsify documents showing that the Boone County Board of Education was receiving a large amount of janitorial and custodial products, such as, hand soap, trash can liners, and facemasks, from Jesse Marks' company, Rush Enterprises, when in fact, the Boone County Board of Education was only receiving a small portion of those products.

2. Defendant MICHAEL DAVID BARKER and Jesse Marks, named but not indicted herein, the owner of Rush Enterprises, conspired to overbill the Boone County School System for the undelivered products and split the proceeds from the fraudulent scheme, with defendant MICHAEL DAVID BARKER receiving approximately $2,000,000 of the proceeds from the fraudulent scheme. Defendant MICHAEL DAVID BARKER then used his share of the proceeds to make extravagant purchases for his personal benefit.

3. As part of the scheme, defendant MICHAEL DAVID BARKER, acting in his capacity as the maintenance director, submitted fraudulent invoices and purchase orders that caused the Boone County Board of Education to pay for more than $4,000,000 of products from Rush Enterprises. During calendar years 2022 and 2023, for example, defendant MICHAEL DAVID BARKER submitted invoices to the Boone County Board of Education which caused them to pay Rush Enterprises for 4,993 cases of hand soap when, in fact, they had only received approximately 829 cases. Defendant MICHAEL DAVID BARKER profited from the Boone County Board of Education's purchase of approximately 4,164 cases of hand soap from Rush Enterprises that it never received. The Boone County Board of Education paid approximately $474,696 hand soap that was never delivered.

**BACKGROUND**

At all times relevant to this Indictment:

4. Defendant MICHAEL DAVID BARKER was the Maintenance Director for the Boone County Board of Education from in or about 2015 through in or about November 2023 and was responsible for ordering supplies necessary for the maintenance of the Boone County Schools.

5. Jesse Marks, named but not indicted herein, was the sole owner of Rush Enterprises.

6. Rush Enterprises was a sole proprietorship located in Rush, Kentucky and had an office in Kenova, West Virginia.

7. The Boone County Board of Education was a corporation and political subdivision of the State of West Virginia that supervised and controlled the Boone County School District. The Board was located at or near Madison, Boone County, West Virginia. The Boone County Board of Education's fiscal year ran from July 1st through June 30th of each year.

8. The United States Postal Service was an agency of the United States whose basic function was to provide postal services.

9. Mac's Cycle Supply was a business located in Madison, Boone County, West Virginia, that was engaged in vehicle sales and was a financial institution pursuant to 31 U.S.C. § 5312(a)(2)(T).

10. State Equipment, Inc. was a business located in Cross Lanes, Kanawha County, West Virginia, that was engaged in vehicle sales and was a financial institution pursuant to 31 U.S.C. § 5312(a)(2)(T).

**The Conspiracy and Scheme to Defraud**

11. Defendant MICHAEL DAVID BARKER entered into an agreement with Jesse Marks, named but not indicted herein, to submit fraudulent invoices and purchase orders to the Boone County Board of Education to receive payment for custodial and janitorial supplies and other products that were never received.

12. It was a purpose of the conspiracy for defendant MICHAEL DAVID BARKER and Jesse Marks, named but not indicted herein, to enrich themselves by obtaining money from the Boone County Board of Education through submission of fraudulent invoices and purchase orders. The submission of these fraudulent invoices and purchase orders caused the Boone County Board of Education to use the United States Postal Service to mail checks to Rush Enterprises.

**Manner and Means**

13. In or about August 2020, defendant MICHAEL DAVID BARKER started ordering custodial and janitorial supplies from Jesse Marks, named but not indicted herein, through Rush Enterprises.

14. Throughout the period of the conspiracy, defendant MICHAEL DAVID BARKER called Jesse Marks, named but not indicted

4

herein, on numerous occasions and told him the quantity and kind of supplies and products to have Rush Enterprises deliver to the Boone County Board of Education warehouse in Foster, Boone County, West Virginia. During these calls, defendant MICHAEL DAVID BARKER told Jesse Marks, named but not indicted herein, not to submit an invoice for the actual supplies and products delivered.

15. Defendant MICHAEL DAVID BARKER created fraudulent invoices in the name of Rush Enterprises, for the deliveries that included quantities of supplies and products that were never delivered. Defendant MICHAEL DAVID BARKER, as the Maintenance Director for the Boone County Board of Education, signed the invoices verifying that the products listed were received by the warehouse, when in fact he knew that a large percentage of the products listed on the invoices were never sent to nor received by the Boone County Board of Education.

16. Defendant MICHAEL DAVID BARKER directed his secretary to sign the purchase orders based on the fraudulently created invoices, and submit the invoices and purchase orders to the Boone County Board of Education's central office.

17. The Boone County Board of Education's central office reviewed the invoices and purchase orders to ensure the paperwork was properly completed. The Boone County Board of Education's central office relied on the invoices and purchase orders

5

submitted at the direction of defendant MICHAEL DAVID BARKER when preparing checks payable to Rush Enterprises.

18. The Boone County Board of Education's central office then sent those checks to Rush Enterprises at the address listed on the fraudulent invoices through the mail using the United States Postal Service.

19. When Jesse Marks, named but not indicted herein, received checks from the Boone County Board of Education, he deposited those checks into his business account for Rush Enterprises.

20. Defendant MICHAEL DAVID BARKER and Jesse Marks, named but not indicted herein, agreed to split any amount paid by the Boone County Board of Education for products or supplies that were not received between themselves.

21. Jesse Marks, named but not indicted herein, then wrote checks from his business account from Rush Enterprises to himself and cashed those checks at multiple banks. Jesse Marks, named but not indicted herein, used the money withdrawn from the checks made out to himself to pay defendant MICHAEL DAVID BARKER his share of the proceeds from the fraudulent billing. Jesse Marks, named but not indicted herein, delivered cash payments to defendant MICHAEL DAVID BARKER in person at various locations in Boone County, West Virginia.

## COUNT ONE
### (Conspiracy to Commit Mail Fraud)

22. From at least in or about March 2020 through in or about December 2023, in the Southern District of West Virginia and elsewhere, defendant MICHAEL DAVID BARKER, Jesse Marks, named but not indicted herein, and other persons both known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree with each other to commit offenses against the United States, that is mail fraud, in violation of 18 U.S.C. §1341.

In violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH TWELVE
### (Mail Fraud)

23. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 22 of this Indictment.

24. On or about the dates identified below, for the purpose of executing the scheme and artifice to defraud described in Count One, and for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, defendant MICHAEL DAVID BARKER, knowingly caused to be delivered by mail any matter or thing according to the directions thereon and at the place at which it was directed to be delivered by the person to whom it is addressed, specifically:

| Count | Date (on or about) | Description | Carrier |
|---|---|---|---|
| 2 | March 16, 2021 | A check from the Boone County Board of Education in the amount of $42,120.50 | United States Postal Service |
| 3 | May 4, 2021 | A check from the Boone County Board of Education in the amount of $58,822.50 | United States Postal Service |
| 4 | June 8, 2021 | A check from the Boone County Board of Education in the amount of $52,363.50 | United States Postal Service |
| 5 | November 16, 2021 | A check from the Boone County Board of Education in the amount of $144,513.50 | United States Postal Service |
| 6 | December 7, 2021 | A check from the Boone County Board of Education in the amount of $80,879.25 | United States Postal Service |

| 7 | February 22, 2022 | A check from the Boone County Board of Education in the amount of $137,942.50 | United States Postal Service |
| 8 | October 4, 2022 | A check from the Boone County Board of Education in the amount of $100,531.25 | United States Postal Service |
| 9 | December 15, 2022 | A check from the Boone County Board of Education in the amount of $124,145.00 | United States Postal Service |
| 10 | April 19, 2023 | A check from the Boone County Board of Education in the amount of $122,251.25 | United States Postal Service |
| 11 | October 17, 2023 | A check from the Boone County Board of Education in the amount of $172,325.00 | United States Postal Service |
| 12 | November 7, 2023 | A check from the Boone County Board of Education in the amount of $147,325.00 | United States Postal Service |

All in violation of Title 18, United States Code, Section 1341.

## COUNT THIRTEEN THROUGH FIFTEEN
**(Theft Concerning Programs Receiving Federal Funds)**

25. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 22 of this Indictment.

26. The Boone County Board of Education received federal funds annually in excess of $10,000 during each of the fiscal years beginning on July 1, 2021, July 1, 2022, and July 1, 2023.

27. During each of the fiscal years listed below, in the Southern District of West Virginia, defendant MICHAEL DAVID BARKER, being the Maintenance Director for the Boone County School District, an agent of the Boone County Board of Education in Boone County, West Virginia, and thus being an agent of a local government or agency thereof receiving in the one year period for each fiscal year beginning on July 1, 2021, and ending June 30, 2024, benefits in excess of $10,000 under Title 1 grants, did knowingly embezzle, steal, obtain by fraud, and intentionally misapply property worth at least $5,000 and owned by, and under the control of such government agency, specifically:

| Count | DATE (between on or about) | Property |
|---|---|---|
| 13 | Between July 1, 2021 and June 30, 2022 | Money in an amount more than $5,000. |
| 14 | Between July 1, 2022, and June 30, 2023 | Money in an amount more than $5,000. |
| 15 | Between July 1, 2023, and December 1, 2023 | Money in an amount more than $5,000. |

10

In violation of Title 18, United States Code, Section 666(a)(1)(A).

## COUNTS SIXTEEN THROUGH EIGHTTEEN
### (Money Laundering)

28. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment.

29. On or about the dates listed below, each of which constitutes a separate count, at or near Danville, Boone County, West Virginia, and Cross Lanes, Kanawha County, West Virginia, both within the Southern District of West Virginia, defendant MICHAEL DAVID BARKER did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud in violation of 18 U.S.C. § 1341, and theft concerning programs receiving Federal funds in violation of 18 U.S.C. § 666:

| Count | DATE (on or about) | Monetary Transaction |
|---|---|---|
| 16 | June 18, 2021 | Used United States currency in the amount of $16,000 and a personal check in the amount of $5,997.85 for the purchase of a Can-Am Utility Vehicle from Mac's Cycle Supply |
| 17 | July 21, 2021 | Used United States currency in the amount of $9,000 and a personal check in the amount of $3,000 as a down payment towards the purchase of a Case Compact Track Loader from State Equipment Inc. |
| 18 | April 5, 2022 | Used United States currency in the amount of $20,000 as a down payment towards the purchase of a Case Compact Excavator from State Equipment Inc. |

All in violation of Title 18, United States Code, Section 1957(a).

## Notice of Forfeiture

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), 982(a)(3), 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure.

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure, upon conviction of the offenses in violation of 18 U.S.C. §§ 1341 and 1349, as set forth in Counts One through Twelve of this Indictment, defendant MICHAEL DAVID BARKER shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

Pursuant to 18 U.S.C. § 982(a)(3) and Rule 32.2 of the Federal Rules of Criminal Procedure, upon conviction of the offenses in violation of 18 U.S.C. 666(a)(1)(A), as set forth in Counts Thirteen through Fifteen of this Indictment, defendant MICHAEL DAVID BARKER shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, upon conviction of the offenses in

violation of 18 U.S.C. § 1957(a), as set forth in Counts Sixteen through Eighteen of this Indictment, defendant MICHAEL DAVID BARKER shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

The property to be forfeited includes, but is not limited to, a money judgment in the amount of at least $2,000,000.00, such amount constituting the proceeds of violations set forth in this Information.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

UNITED STATES OF AMERICA

WILLIAM S. THOMPSON
United States Attorney

By: *[signature]*
GABRIEL C. PRICE
Assistant United States Attorney