

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

1-800-659-8726
304-345-2200
FAX: 304-347-5104

FILED
APR - 7 2025
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

February 12, 2025

Isaac Forman, Esq.
700 Virginia Street East, Suite 210
Charleston, West Virginia 25301

      Re:  United States v. Michael David Barker
            Criminal No. 2:24-cr-00194 (USDC SDWV)

Dear Mr. Forman:

    This will confirm our conversations with regard to your client, Michael David Barker (hereinafter "Mr. Barker"). As a result of these conversations, it is agreed by and between the United States and Mr. Barker as follows:

    1.  **PENDING CHARGES.** Mr. Barker is charged in an eighteen-count indictment as follows:

        (a)  Count One charges Mr. Barker with a violation of 18 U.S.C. §§ 1349 (conspiracy to commit mail fraud);

        (b)  Counts Two through Twelve charges Mr. Barker with violations of 18 U.S.C. §§ 1341 (mail fraud);

        (c)  Counts Thirteen through Fifteen charges Mr. Barker with violations of 18 U.S.C. §§ 666(a)(1)(A) (theft concerning programs receiving federal funds); and

        (d)  Counts Sixteen through Eighteen charges Mr. Barker with violations of 18 U.S.C. §§ 1957(a) (money laundering).

    2.  **RESOLUTION OF CHARGES.** Mr. Barker will plead guilty to Count One of said indictment, which charges him with a violation

*MDB*
_____
Defendant's
Initials

Isaac Forman, Esq.
February 12, 2025                          Re: Michael David Barker
Page 2

of 18 U.S.C. §§ 1349. Following final disposition, the United States will move the Court to dismiss Counts Two through Eighteen in Criminal No. 2:24-cr-00194 as to Mr. Barker.

    3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Barker will be exposed by virtue of this guilty plea is as follows:

    (a)    Imprisonment for a period of up to twenty years;

    (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of three years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663, and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Barker will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Barker will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Barker fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Barker.

_/s/ MDB_
Defendant's Initials

Isaac Forman, Esq.
February 12, 2025                                    Re: Michael David Barker
Page 3

    5.  **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Barker agrees that he will pay restitution in the amount of $3,400,000 and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Barker further agrees as follows:

    (a)  Mr. Barker agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

    (b)  Mr. Barker will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

    (c)  Mr. Barker agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

    (d)  Mr. Barker agrees to pay the restitution amount in part by selling his residence at 80 Worley Lane, Foster, WV 25081 at a fair market value and paying the entirety of the sale proceeds to the Clerk, United States District Court. Mr. Barker agrees to make the payment at or before final disposition by tendering a cashier's check or money order, made payable to Clerk, United States District Court (with his criminal case number in the memo line). Mr. Barker further agrees that his residence at 80 Worley Lane, Foster, WV 25081 is currently listed for sale for $450,000.00, as of February 11, 2025.

    (e)  Mr. Barker agrees to fully cooperate with the United States in the liquidation of assets to be applied towards

_/s/ MDB_____<br>Defendant's Initials

Isaac Forman, Esq.
February 12, 2025                               Re: Michael David Barker
Page 4

      restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(f) Mr. Barker agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount in this agreement. However, nothing in this provision is intended to preclude the Court from ordering Mr. Barker to pay a greater or lesser sum of restitution in accordance with law.

6. **FORFEITURE.** Mr. Barker hereby agrees as follows:

(a) To forfeit to the United States any and all property in Mr. Barker's possession or under his control which constitutes proceeds of or was derived from proceeds of the offense to which Mr. Barker is agreeing to plead guilty, and is set forth in this information, namely the violation of 18 U.S.C. § 1349. Mr. Barker further agrees that he will not contest a forfeiture money judgment in the amount of $1,600,000;

(b) To assist the United States and its agents in identifying all such property, regardless of its location and the manner in which it is titled. Any such identified property deemed forfeitable by the United States will then be forfeited, pursuant to 18 U.S.C. §§ 981, 982 or 28 U.S.C. § 2461, in either an administrative or judicial forfeiture action;

(c) To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to return to counsel for the United States the completed Affidavit within seven calendar days from the date of

                                                                       */MDB/*
                                                                       Defendant's Initials

Isaac Forman, Esq.
February 12, 2025                               Re: Michael David Barker
Page 5

       signing this plea agreement;

(d)   To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

(e)   To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in <u>United States v. Alexander</u>, 509 U.S. 544 (1993); <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998); <u>United States v. Austin</u>, 509 U.S. 602 (1993); and their progeny.

7.   **PAYMENT OF MONETARY PENALTIES**. Mr. Barker authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Barker agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Barker further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Barker authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

<i>MDB</i><br>
Defendant's<br>
Initials

Isaac Forman, Esq.
February 12, 2025                           Re: Michael David Barker
Page 6

    In addition to any payment ordered by the Court, Mr. Barker shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

    Mr. Barker agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

    8.    **COOPERATION.** Mr. Barker will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Barker may have counsel present except when appearing before a grand jury.

    9.    **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Barker, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    10.    **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Barker for any violations of federal or state laws.

*MDB*
_____
Defendant's
Initials

Isaac Forman, Esq.
February 12, 2025                           Re: Michael David Barker
Page 7

The United States reserves the right to prosecute Mr. Barker for perjury or false statement if such a situation should occur pursuant to this agreement.

    11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Barker stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Barker agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Barker or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Barker knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Barker understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Barker agree that the following provisions of the United States Sentencing Guidelines apply to this case.

*MDB*
Defendant's Initials

Isaac Forman, Esq.
February 12, 2025                              Re: Michael David Barker
Page 8

Counts One of the Indictment:

<u>USSG §2B1.1</u>

| | |
|---|---|
| Base offense level | 7 |
| Loss greater than $1,500,000 | + 16 |
| <u>USSG Chapter Three Adjustments</u> | |
| Abuse of trust | + 2 |
| Adjusted offense level | 25 |

    The United States and Mr. Barker acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

    13.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.**  Mr. Barker knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Barker also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 18 U.S.C. § 1349 is unconstitutional, and (2) Mr. Barker's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. § 1349.

    The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence

_____<br>Defendant's Initials

Isaac Forman, Esq.
February 12, 2025                          Re: Michael David Barker
Page 9

was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Barker also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Barker knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence

*MDB*
_____
Defendant's Initials

Isaac Forman, Esq.  
February 12, 2025                                    Re: Michael David Barker  
Page 10

        report;

    (e)  Respond to statements made to the Court by or on behalf of Mr. Barker;

    (f)  Advise the Court concerning the nature and extent of Mr. Barker's cooperation; and

    (g)  Address the Court regarding the issue of Mr. Barker's acceptance of responsibility.

16. **VOIDING OF AGREEMENT.** If either the United States or Mr. Barker violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

17. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Barker in this matter. There are no agreements, understandings, or recommendations as to any other pending or future charges against Mr. Barker in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                WILLIAM S. THOMPSON  
                United States Attorney

        By:  *[signature]*  
                Gabriel C. Price  
                Assistant United States Attorney

GCP/tlm

                                  *[initials: MDB]*  
                                  Defendant's Initials

Isaac Forman, Esq.
February 12, 2025                           Re: Michael David Barker
Page 11

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 11-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     March 7 2025
Michael David Barker                  Date Signed
Defendant

_____     March 7, 2025
Isaac Forman, Esq.                    Date Signed
Counsel for Defendant

Isaac Forman, Esq.
February 12, 2025                           Re: Michael David Barker
Page 11

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 11-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          March 7 2025
Michael David Barker                      Date Signed
Defendant

_____          March 7, 2025
Isaac Forman, Esq.                        Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:24-CR-00194

MICHAEL DAVID BARKER

### STIPULATION OF FACTS

The United States and defendant MICHAEL DAVID BARKER (hereinafter "I," "me," "myself," "our," or "my") stipulate and agree that the facts comprising the offense of conviction (Count One of the Indictment in the Southern District of West Virginia, Criminal No. 2:24-CR-00194) and the relevant conduct for that offense, include the following:

From in or about November of 2019 through December 2023, I was employed as the maintenance director for the Boone County Board of Education. During this time, I began ordering janitorial and custodial supplies from Jesse Marks and his company Rush Enterprises. Jesse Marks agreed to start supplying the Boone County Schools with custodial and janitorial supplies, including but not limited to, hand soap, trash can liners, facemasks, face shields, and hand sanitizer.

Additionally, in or about November of 2019, I entered into an agreement with Jesse Marks to overbill the Boone County Board of Education for products and supplies that were never delivered. I was able to approve invoices for products that were never delivered and cause the invoices to be sent to the Boone County Board of Education for payment. The agreement was that Jesse Marks would deliver some supplies and that I would complete the paperwork to submit to the Boone County Board of Education for payment. The agreement was that I would submit invoices on behalf of Rush Enterprises that would significantly inflate the number of products that were actually delivered to the Boone County Schools. The Boone County Board of Education would then rely on the fraudulent invoices to

**PLEA AGREEMENT EXHIBIT A**

mail checks to Rush Enterprises using the United States Postal Service.

Additionally, the agreement with Jesse Marks was that when Jesse Marks received checks in the mail from the Boone County Board of Education, Jesse Marks would deposit the checks. After depositing the checks, Jesse Marks then obtained cash which he would place cash into manila envelopes and personally deliver them to me. I used the cash payments to purchase vehicles, equipment, and make substantial improvements to my residence located at 80 Worley Lane, Foster, West Virginia, 25018.

The agreement between myself and Jesse Marks was that the amount of payments from the Boone County Board of Education would be split evenly between us after deducting Jesse Marks' cost for the products that were actually delivered to the Boone County Board of Education.

The agreement between myself and Jesse Marks to obtain payments from the Boone County Board of Education based on fraudulent invoices continued until approximately November of 2023. From in or about November of 2019 through in or about December of 2023, approximately 80% of the total payments received from the Boone County Board of Education to Rush Enterprises were for products that were never delivered, and which were based on fraudulent invoices. The total amount of money paid to Rush Enterprises by the Boone County Board of Education from in or about November of 2019 through in or about December of 2023 was $4,310,714.82. Approximately $3,448,571.85 of the total payments received from the Boone County Board of Education was based on fraudulent invoices. Although the agreement with Mr. Marks was to divide the overpayments equally, I received approximately $530,000 from Mr. Marks pursuant to our agreement.

During the period of the agreement between myself and Jesse Marks, the Boone County Board of Education was a corporation and political subdivision of the State of West Virginia that supervised and controlled the Boone County School District.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement in the charge set forth in the ~~Information~~ Indictment. *IRF BP MDB*

**PLEA AGREEMENT EXHIBIT A**

2

Stipulated and agreed to:

_____        March 7, 2025
MICHAEL DAVID BARKER                    Date
Defendant

_____        March 7, 2025
Isaac Forman                            Date
Counsel for Defendant

_____        4/7/25
Gabriel Price                           Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**

3